# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EMMA JEAN ANDERSON, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 08-cv-535 (RCL) |
| THE ISLAMIC REPUBLIC OF IRAN, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

## I.      Introduction

This action arises out of the devastating 1983 bombing of the U.S. Marine barracks in Beirut, Lebanon.  The attack decimated the facility, killed 241 U.S. servicemen and left countless others wounded, and caused severe injuries to servicemen Dennis Jack Anderson, Jr., and Willie George Thompson.  Various family members now bring suit against defendants Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS").  Their action is brought pursuant to the state-sponsored terrorism exception to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602 et seq., which was enacted as part of the National Defense Authorization Act for Fiscal Year 2008 ("NDAA").  Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338–44 (2008).  That provision, codified at 28 U.S.C. § 1605A, provides "a federal right of action against foreign states" that sponsor terrorist acts.  *Haim v. Islamic Republic of Iran*, 784 F. Supp. 2d 1, 4 (D.D.C. 2011) (quoting reference omitted).

## II.     Liability

On December 1, 2010, this Court took judicial notice of the findings of fact and conclusions of law in *Peterson v. Islamic Republic of Iran*, which also concerns the Marine barracks bombing, *see Anderson v. Islamic Republic of Iran*, 753 F. Supp. 2d 68, 74–80 (D.D.C. 2010), and entered judgment in favor of the plaintiffs and against Iran with respect to all issues of liability. *Id.* at 89 [*see* Dkt. # 31]. This Court then referred this action to a special master for consideration of plaintiffs' claims for damages  *Id.* at 88 [*see* Dkt. ## 31, 35–36]. Since the issue of liability has been previously settled, this Court now turns to examine the damages recommended by the special master.

## II.    Damages

Damages available under the FSIA-created cause of action "include economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c). Accordingly, those who survived the attack may recover damages for their pain and suffering, as well as any other economic losses caused by their injuries; estates of those who did not survive can recover economic losses stemming from wrongful death of the decedent; family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages. *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 82–83 (2010).

"To obtain damages against defendants in an FSIA action, the plaintiff must prove that the consequences of the defendants' conduct were 'reasonably certain (i.e., more likely than not) to occur, and must prove the amount of the damages by a reasonable estimate consistent with this [Circuit's] application of the American rule on damages.'" *Salazar v. Islamic Republic of Iran*, 370 F. Supp. 2d 105, 115–16 (quoting *Hill v. Republic of Iraq*, 328 F.3d 680, 681 (D.C. Cir. 2003) (internal quotations omitted)). As discussed in *Peterson II*, plaintiffs have proven that the defendants' commission of acts of extrajudicial killing and provision of material support and

resources for such killing was reasonably certain to—and indeed intended to—cause injury to plaintiffs. *Peterson v. Islamic Republic of Iran (Peterson II)*, 515 F. Supp. 2d 25, 37 (2007)

The Court hereby ADOPTS, just as it did in *Peterson*, *Valore*, and *Bland*, all facts found by and recommendations made by the special master relating to the damages suffered by all plaintiffs in this case. *Id.* at 52–53; *Valore*, 700 F. Supp. at 84–87; *Bland v. Islamic Republic of Iran*, __ F. Supp. 2d __, 2011 WL 6396527 (D.D.C. 05-cv-2124, Dec. 21, 2011). However, if the special master has deviated from the damages framework that this Court has applied in previous cases, "those amounts shall be altered so as to conform with the respective award amounts set forth" in the framework. *Peterson II*, 515 F. Supp. 2d at 52–53. The final damages awarded to each plaintiff are contained in the table located within the separate Order and Judgment issued this date, and this Court discusses below any alterations it makes to the special master recommendations. The Court only discusses solatium damages and punitive damages because the only plaintiffs remaining in this case are family members of injured servicemen and not the servicemen themselves.

### A.    Solatium

This Court developed a standardized approach for FSIA intentional infliction of emotional distress, or solatium, claims in *Heiser v. Islamic Republic of Iran*, where it surveyed past awards in the context of deceased victims of terrorism to determine that, based on averages, "[s]pouses typically receive greater damage awards than parents [or children], who, in turn, typically receive greater awards than siblings." 466 F. Supp. 2d 229, 269 (2006). Relying upon the average awards, the *Heiser* Court articulated a framework in which spouses of deceased victims were awarded approximately $8 million, while parents received $5 million and siblings received $2.5 million. *Id.*; *see also Valore*, 700 F. Supp. 2d at 85 (observing that courts have

3

"adopted the framework set forth in *Heiser* as 'an appropriate measure of damages for the family members of victims'") (quoting *Peterson II*, 515 F. Supp. 2d at 51). As this Court recently explained, in the context of distress resulting from injury to loved ones—rather than death—courts have applied a framework where "awards are 'valued at half of the awards to family members of the deceased'—$4 million, $2.5 million and $1.25 million to spouses, parents, and siblings, respectively." *Oveissi v. Islamic Republic of Iran*, 768 F. Supp. 2d 16, 26 n.10 (D.D.C. 2011) (quoting *Valore*, 700 F. Supp. 2d at 85); *see also Bland*, 2011 WL 6396527, at *4–5. Children of a deceased victim typically receive an award of $3 million, while children of a surviving victim receive $1.5 million. *Stern v. Islamic Republic of Iran*, 271 F. Supp. 2d 286, 301 (D.D.C. 2003).

In applying this framework, however, courts must be wary that "[t]hese numbers . . . are not set in stone," *Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d 51, 79 (2010), and that deviations may be warranted when, *inter alia*, "evidence establish[es] an especially close relationship between the plaintiff and decedent, particularly in comparison to the normal interactions to be expected given the familial relationship; medical proof of severe pain, grief or suffering on behalf of the claimant [is presented]; and circumstances surrounding the terrorist attack [rendered] the suffering particularly more acute or agonizing." *Oveissi*, 768 F. Supp. 2d at 26–27.

In this case, the special master does not recommend any deviations from the established framework for solatium awards. *See* Report of Special Master Concerning Count One [ECF No. 41], Report of Special Master Concerning Count Three [42]. The special master recommends that the parents of serviceman Dennis Anderson, Jr.—his mother, Emma Jean Anderson, and the Estate of his father, Dennis Anderson, Sr.—each receive an award of $2.5 million. Report of

4

Special Master Concerning Count One [41], at 8–9. Dennis Anderson, Jr., suffered "a badly burned shoulder, third-degree burns on both hands, a bruised hip, and the skin [] peeled off his right hand" from the bombing. *Id.* at 4. The evidence shows that the "family never recovered from the" psychological trauma and that the bombing continues to have a negative impact on the family. *Id.* at 7.

The special master also recommends that Melvin Oley Thompson, father of severely injured serviceman Willie George Thompson, receive an award of $2.5 million. Report of Special Master Concerning Count Three [42], at 7. Willie George Thompson suffered "a broken and cracked hip, a broken wrist, injuries to his groin and lacerations and bruises to his face" from the bombing. *Id.* at 4. The evidence shows that Melvin Oley Thompson "was terribly upset" upon learning about the bombing and that "the bombing had a devastating effect on his family." *Id.* at 5.

After reviewing the special master reports and the evidence contained therein, this Court finds that the special master has appropriately applied the established damages framework and therefore ADOPTS the recommended solatium awards.

### B.    Punitive Damages

In assessing punitive damages, this Court has observed that any award must balance the concern that "[r]ecurrent awards in case after case arising out of the same facts can financially cripple a defendant, over-punishing the same conduct through repeated awards with little deterrent effect . . . .," *Murphy*, 740 F. Supp. 2d at 81, against the need to continue to deter "the brutal actions of defendants in planning, supporting and aiding the execution of [terrorist attacks]," *Rimkus v. Islamic Republic of Iran*, 750 F. Supp. 2d 163, 184 (D.D.C. 2010). To accomplish this goal, this Court—relying on the Supreme Court's opinion in *Philip Morris USA*

*v. Williams*, 549 U.S. 346 (2007)—held that the calculation of punitive damages in subsequent related actions should be directly tied to the ratio of punitive to compensatory damages set forth in earlier cases. *Murphy*, 740 F. Supp. 2d at 81–82. Thus, in *Murphy* this Court applied the ratio of $3.44 established in *Valore*—an earlier FSIA case arising out of the Beirut bombing. *Id*. at 82-83 (citing *Valore*, 700 F. Supp. 2d at 52); *see also Bland*, 2011 WL 6396527, at \*6. Here, the Court will again apply this same $3.44 ratio, which has been established as the standard ratio applicable to cases arising out of the Beirut bombing. Application of this ratio results in a total punitive damages award of $25,800,000.

## III.    CONCLUSION

In closing, the Court applauds plaintiffs' persistent efforts to hold Iran and MOIS accountable for their cowardly support of terrorism. The Court concludes that defendants Iran and MOIS must be punished to the fullest extent legally possible for the bombing in Beirut on October 23, 1983. This horrific act impacted countless individuals and their families, three of whom receive awards in this lawsuit. This Court hopes that the victims and their families may find some measure of solace from this Court's final judgment. For the reasons set forth above, the Court finds that defendants are responsible for plaintiffs' injuries and thus liable under the FSIA's state-sponsored terrorism exception for $7,500,000 in compensatory solatium damages and $25,800,000 in punitive damages, for a total award of $33,300,000.

A separate Order and Judgment consistent with these findings shall be entered this date.

SO ORDERED.

Signed by Chief Judge Royce C. Lamberth on March 20, 2012.